UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED AUG 20 2010 Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

Ali Partovi, )
)
        Plaintiff, )
)
v. ) Civil Action No. 10 1408
)
United States of America, )
)
        Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff, an immigration detainee at the Federal Correctional Center in Florence, Arizona, sues the United States for alleged injuries suffered while confined at facilities in Guam. He seeks $2 million in damages. A claim for monetary damages against the United States is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* Such a claim is maintainable, however, only after the plaintiff has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Plaintiff has not indicated that he exhausted

his administrative remedies.[1] The complaint therefore will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order accompanies this Memorandum Opinion.

/s/ Gladys Kessler
United States District Judge

Date: August 12, 2010

---

[1] Even if plaintiff has exhausted his administrative remedies, this judicial district is not the proper venue for litigating plaintiff's FTCA claim. *See* 28 U.S.C. § 1402(b) (requiring such claims to be prosecuted "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred").